**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BROWN RUDNICK, LLP,<br><br>   Plaintiff,<br><br>  v.<br><br>AROGO CAPITAL ACQUISITION<br>CORPORATION,<br><br>   Defendant. | Civil Action No. 25-929 (CKK) |

**MEMORANDUM OPINION**
(July 27, 2026)

Plaintiff Brown Rudnick, LLP moves for default judgment against Defendant Argo Capital

Acquisition Corporation to obtain payment for legal services rendered under a legal representation

agreement. Upon consideration of the parties' submissions,[1] the relevant legal authority, and the

entire record, the Court shall **GRANT** Plaintiff's [14] Motion.

**I.**

The Court previously detailed the background of this dispute in a prior Opinion. *See* Order,

Dkt. No. 12. In a nutshell, Plaintiff Brown Rudnick, LLP ("Plaintiff") initiated this action against

Defendant Argo Capital Acquisition Corporation ("Defendant") to obtain payment for legal

services rendered under a legal representation agreement (the "Agreement") executed between the

parties. *Id*. at 1–2. Defendant was served but failed to answer or otherwise respond to Plaintiff's

complaint. *Id*. So, upon Plaintiff's request, the Clerk of Court entered default against Defendant,

and Plaintiff proceeded to move for default judgment. *Id*. at 2–3.

---

[1] The Court's consideration has focused on Plaintiff's Renewed Motion for Entry of Default Judgment Under FRCP 55(b)(2), Dkt. No. 14 ("Pl.'s Mot."); Plaintiff's Memorandum in Support of its Renewed Motion, Dkt. No. 14-2 ("Pl.'s Mem."); and the exhibits attached thereto.

The Court granted in part and denied in part Plaintiff's initial motion for default judgment. *See id*. The Court assured itself of its jurisdiction and found that Plaintiff was entitled to default judgment on Defendant's liability. *Id*. at 12. But it also determined that Plaintiff, which had moved under Federal Rule of Civil Procedure 55(b)(1), had failed to show that it was entitled to default judgment on its requested damages because it had not shown that its claimed damages were for a "sum certain." *Id*. Accordingly, the Court denied Plaintiff's request for damages without prejudice. *Id*.

Plaintiff proceeded to file a renewed motion for default judgment on damages. *See* Pl.'s Mot. Plaintiff's renewed motion requests the same type of damages as their initial motion—the unpaid principal under the parties' Agreement, interest on that principal, and reasonable attorneys' fees for litigating this matter. *Id*. But Plaintiff provides significantly more documentation to support its request this time around. Accordingly, the Court shall consider whether Plaintiff's renewed motion for default judgment sufficiently establishes that Plaintiff is entitled to its requested damages.

## II.

After establishing liability for a defaulting defendant, the court must make "an independent determination of the sum to be awarded unless the amount of damages is certain." *Boland v. Providence Constr. Corp.*, 304 F.R.D. 31, 35 (D.D.C. 2014) (KBJ) (quoting *Fanning v. Permanent Sol. Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C. 2009) (CKK)). A plaintiff must therefore "prove its entitlement to the amount of monetary damages requested using detailed affidavits or documentary evidence on which the court may rely." *Id*. at 36 (cleaned up) (quoting *Fanning*, 257 F.R.D. at 7). The court has "considerable latitude in determining the amount of damages." *Id*. (quoting *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67 (D.D.C. 2011) (RMU)). It may conduct a hearing, but it is not required to do so "as long as it ensures that there is a basis for the damages

specified in the default judgment." *Id*. (quoting *Elite Terrazzo Flooring*, 763 F. Supp. 2d at 67). And the plaintiff "is entitled to all reasonable inferences from the evidence offered." *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2002) (RMU) (citations omitted).

### III.

The Court previously entered default judgment as to Defendant's liability. *See* Order, Dkt. No. 12. Plaintiff now moves for default judgment as to damages in the amount of $1,041,666.86. Pl.'s Mem. at 1. Specifically, Plaintiff seeks judgment for: (i) $810,451.69 in unpaid principal, as provided by the Agreement; (ii) $90,551.67 in pre-judgment interest, as calculated at 9% per annum, running 30 days after each invoice due date through January 13, 2026, collectable per the Agreement; and (iii) $140,663.50 in attorneys' fees and enforcement costs, as enforceable under the Agreement. Pl.'s Mem. at 1–2. The Court determines that Plaintiff has proven its entitlement to the requested damages.

To start, Plaintiff has provided ample documentary evidence to support its request for $810,451.69 in unpaid principal. Plaintiff has filed its Agreement with Defendant, which provides that Plaintiff's fees "will be based on the time expended by each lawyer and other Firm personnel" on the engagement, "multiplied by that person's hourly rate," and that Defendant shall also pay Plaintiff for "all costs and expenses incurred by [Plaintiff] in connection with the engagement." Pl.'s Ex. A, Dkt. No. 14-4 at 2. The Agreement also provides the billing rate for all of Plaintiff's attorneys that worked on this matter. *Id*. Furthermore, Plaintiff has filed a Consolidated Billing Ledger that reflects a detailed breakdown of "all work performed [by Plaintiff] in connection with the purpose of the Agreement," including "the internal billing attorney, client, billing/invoice numbers, dates, status, total billed, and total outstanding owed, among other things." Pl.'s Mem. at 1 n. 4, 3; Pl.'s Ex. B-1, Dkt. No. 14-5. Plaintiff has also provided copies of the original invoices, a declaration certifying the hours reflected in these invoices, and evidence that Defendant

3

acknowledged the fees it owed under these invoices. *See* Pl.'s Mem. at 2–5 (citing relevant exhibits). From these documents, Plaintiff's requested unpaid principal of $810,451.69 is easily deduced, and therefore Plaintiff has proven its entitlement to the unpaid principal. *See Landstar Ranger, Inc. v. M X 26 Help & Linkk Corp.*, No. 23-cv-13 (TJK), 2023 WL 4488830, at *2 (D.D.C. July 12, 2023) (explaining that "even on claims for sums certain, courts may enter default judgment although the rules permit the Clerk of Court to do so instead").

Plaintiff has also adequately supported its request for $90,551.67 in pre-judgment interest. The Agreement between Plaintiff and Defendant provides that Plaintiff "shall have the right to charge interest at the rate of nine percent (9%) per annum on all unpaid amounts commencing on the date that is thirty (30) days after the initial due date," and that "[a]ny interest charged for the previous billing period will be added to the following month's charge and shall bear like interest." Pl.'s Ex. A, Dkt. No. 14-4 at 3. Plaintiff has provided an Interest Ledger that "sets forth each invoice: principal, accrual start date (due date + 30 days), accrual end date (January 13, 2026), days accrued, per diem [principal x 0.09 / 365], and total interest." Pl.'s Mem. at 5 (citing Pl.'s Ex. B-1, Dkt. No. 14-6). And Plaintiff also points out that the pre-judgment interest can be calculated from the amount in unpaid principal, as the "pre-judgment interest of $90,551.67 is computed at 9% simple interest on each unpaid invoice beginning thirty days after its due date through January 13, 2026." *Id.* Accordingly, because Plaintiff has shown that the amount in pre-judgment interest "follows with mathematical certainty" from the amount in unpaid principal, it has shown that it is entitled to its requested damages. *Combs v. Coal & Min. Mgmt. Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984) (JJS).

Plaintiff has also sufficiently shown that it is entitled to $140,663.50 in attorneys' fees and enforcement costs, as enforceable under the Agreement, for its prosecution of this action. The

4

parties' Agreement provides that "in any proceeding in which an order or judgment is entered in [Plaintiff's] favor, [Defendant shall be] responsible for payment of [Plaintiff's] reasonable attorneys' fees relating to such matter." Pl.'s Ex. A, Dkt. No. 14-4 at 10. Plaintiff has filed an affidavit that identifies the personnel that worked on this litigation along with their billing rate and the hours they worked, thus allowing the Court to calculate their fees. Aff., Dkt. No. 14-3 ¶¶ 13–19; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). On the present record, the Court is satisfied with Plaintiff's support for the reasonableness of their attorneys' fees. With respect to the total hours worked on this matter, Plaintiff has filed, under seal, an Attorneys' Fees Ledger that details in specific increments the work done by each of its attorneys on this matter. *See* Pl.'s Sealed Ex. B-3, Dkt. No. 13-3. The entries in this ledger were created contemporaneously with the work that was done, and they were then reviewed and approved internally through Plaintiff's normal billing processes. Palley Decl., Dkt. No. 14-3 ¶ 19. Furthermore, Plaintiff has met its present burden of showing that its billing rates were reasonable. Not only are Plaintiff's rates comparable to the rates that Defendant agreed to through the Agreement, but Plaintiff has also provided evidence to suggest that they are reasonable for the locale in which their attorneys worked. *See* Agreement, Dkt. No. 14-4 at 2; Pl.'s Mem. at 6–7 (citing to an ABA report on attorneys' fees in the District of Columbia). Accordingly, Plaintiff has shown that it is entitled to its requested attorneys' fees.

**IV.**

The Court concludes that Plaintiff has shown that they are entitled to default judgment on their requested damages.  Accordingly, the Court shall **GRANT** Plaintiff's [14] Motion for Default Judgment by separate Order.

**SO ORDERED.**

**Dated:**  July 27, 2026

COLLEEN KOLLAR-KOTELLY
United States District Judge